UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| LEONARD WASHINGTON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CV420-154 |
| | ) | CR417-263 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Leonard Washington pleaded guilty to six counts of distribution of MDMA (Ecstasy), two counts of distribution of marijuana, one count of distribution of oxycodone and MDMA (Ecstasy), and one count of possession of a firearm by a convicted felon. Doc. 191 at 1-2.[1] He was sentenced on January 24, 2019 to 203 months of incarceration and six years of supervised release. *Id*. at 3-4. His current motion, pursuant to 28 U.S.C. § 2255, seeks to vacate, set aside, or correct his sentence because of the Supreme Court's decision in *Rehaif v. United* States, ___

---

[1] Unless otherwise noted, all citations are to the criminal docket in CR417-263.

1

U.S. \_\_\_, 139 S. Ct. 2191 (2019). Doc. 197. For the following reasons, preliminary review, pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, shows that his motion should be **DENIED**.

## ANALYSIS

As an initial matter, defendant's motion is untimely. A motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 must be filed within one-year of either:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Judgment was entered against defendant on January 28, 2019. Doc. 191. He did not file an appeal before the deadline to appeal ran on February 11, 2019. Fed. R. App. P. 4(b)(1)(A); *see also* docket. He had one year from that date to file a habeas motion. His

motion was signature filed[2] on July 1, 2020. Doc. 197 at 14. Thus, he missed the § 2255(f)(1) deadline by more than four months.

Despite being untimely pursuant to §2255(f)(1), the Eleventh Circuit has recently held "*Rehaif* announced a new rule of substantive law that applies retroactively . . . ." *Seabrooks v. United States*, 32 F.4th 1375, 1383 (11th Cir. 2022). This Court previously noted that *Rehaif*'s implications for § 2255(f)(3) were "unclear." *See United States v. Johnson*, 2020 WL 5736706, at *1 (S.D. Ga. July 29, 2020). The Eleventh Circuit's decision in *Seabrooks*, however, seems to have resolved any remaining uncertainty. Since *Rehaif* was decided on June 21, 2019, *see* 139 S. Ct. at 1291, Washington's motion is untimely, pursuant to § 2255(f)(3), by ten days.

Though the statute of limitations "can be equitably tolled where a petitioner untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence," *Kicklighter v. United States*, 281 F. App'x 926, 930 (11th Cir. 2008) (quoting *Outler*

---

[2] Under the prison mailbox rule, "a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n. 2 (11th Cir. 2009). Courts assume, "[a]bsent evidence to the contrary, ... that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014).

*v. United States*, 485 F.3d 1273, 1280 (11th Cir. 2007)), this is not such a case. *See, e.g., Outler*, 485 F.3d at 1280 ("Equitable tolling is an extraordinary remedy and is applied sparingly."). Washington has not demonstrated either the existence of "extraordinary circumstances" that prevented his timely filing of the petition, *Wakefield v. R.R. Ret. Bd.*, 131 F.3d 967, 970 (11th Cir. 1997) (neither a litigant's *pro se* status nor ignorance of the law normally warrants equitable tolling), or that he diligently pursued relief. *See Diaz v. Sec'y for Dep't of Corr.*, 362 F.3d 698, 702 (11th Cir. 2004) ("equitable tolling is available only if a petitioner establishes *both* extraordinary circumstances and due diligence"). "The movant bears the burden of establishing his entitlement to equitable tolling." *Lanier v. United States*, 769 F. App'x 847, 850 (11th Cir. 2019) (citing *Outler*, 485 F.3d at 1280).

The only circumstance that Washington alleges to excuse his untimely filing is that, due to a tornado, he was transferred from the prison where he was incarcerated and had not received his property and was unable to attend the law library. *See* doc. 197 at 13. He has attached a memorandum from an employee of the Bureau of Prisons that explains that "FCI Estill sustained significant damage during a tornado on April

4

13, 2020," and that transferred inmates had not received their property, on June 17, 2020. *Id.* at 15.

As this Court has recognized, "the Eleventh Circuit has routinely held that periods of detention or transfers between housing facilities are not extraordinary circumstances where equitable tolling is appropriate." *Wallace v. United States*, 2016 WL 2962217, at *3 (S.D. Ga. May 20, 2016) (citing *Dodd v. United States*, 365 F.3d 1273, 1282-83 (11th Cir. 2004); *Paulcin v. McDonough*, 259 F. App'x 211, 211 (11th Cir. 2007)). There is no suggestion that the underlying reason for the transfer, however extraordinary, alters the conclusion that a prisoner's loss of access to his property or a law library are not sufficient to justify equitable tolling. The Eleventh Circuit has recently held that a transfer and loss of access to property due to a hurricane did not alter the general principle "that periods of time in which a prisoner is separated from his legal papers do not constitute extraordinary circumstances." *Bass v. Att'y Gen., State of Fla.*, 2022 WL 1658637, at *2 (11th Cir. May 25, 2022) (considering equitable tolling in the context of a § 2254 petition). One court has expressed doubt that the very tornado strike Washington points to created an "extraordinary circumstance[ ] preventing [a movant] from

5

properly filing a § 2255 motion . . . ." *Falkowski v. United States*, 2022 WL 1659297, at *2 (6th Cir. May 11, 2022). The facts Washington alleges, therefore, do not show a sufficiently extraordinary circumstance to warrant equitable tolling.

Even assuming, as the Sixth Circuit did, that "a tornado striking a prison is certainly extraordinary," Washington has alleged no fact that even suggests that he diligently pursued a §2255 motion before the tornado struck. "To establish diligence, then, the [movant] must present evidence showing reasonable efforts to timely file his action." *Griffin v. United States*, 2010 WL 2836273, at *3 (S.D. Ga. July 16, 2010). Washington has not indicated that he took *any* action between the date *Rehaif* was decided, in June 2019, and the date of the tornado strike in April 2020. The omission of any indication of diligence precludes equitable tolling. *See, e.g., Smith v. United States*, 2022 WL 1645083, at *4 (S.D. Ga. May 24, 2022) (movant "will not prevail [on an assertion of equitable tolling] based upon a showing of either extraordinary circumstances or diligence along; the movant must establish both.").

Accordingly, since Washington's motion was untimely, pursuant to either §§ 2255(f)(1) or (3), and, even if he has shown an extraordinary

circumstance, he as neither shown that that circumstance prevented his timely filing or that he was diligent in pursuing his rights, his Motion should be **DENIED** as untimely,[3] doc. 197, and civil action CV420-154 be **DISMISSED** in its entirety.

## CONCLUSION

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9,

---

[3] Even if Washington were not out of time, § 2255 affords him no relief. The Court of Appeals for the Eleventh Circuit has already determined that a guilty plea waives any *Rehaif*-based issues. Specifically, the Court explained, that:

> For an indictment to confer subject matter jurisdiction upon a district court, it must allege that a defendant committed one or more "offenses against the laws of the United States." *United States v. Moore*, 954 F.3d 1322, 1333 (11th Cir. 2020) (quotations omitted). Notably, however, "[t]he absence of an element of an offense in an indictment is not tantamount to failing to charge a criminal offense against the United States." *Id.* (emphasis added). A defendant's voluntary guilty plea waives all non-jurisdictional defects in the proceedings against him. *United States v. Brown*, 752 F.3d 1344, 1354 (11th Cir. 2014). A jurisdictional defect, by contrast, may not be waived or procedurally defaulted, so a defendant need not show cause and prejudice to collaterally attack a conviction suffering from a jurisdictional defect. *McCoy*, 266 F.3d at 1248-49.
>
> It is "unlawful for any person" who has been convicted of "a crime punishable by imprisonment for a term exceeding one year" to "possess in or affecting commerce, any firearm or ammunition." 18 U.S.C. § 922(g). Section 924(a)(2) provides that any person who "knowingly violates" § 922(g) may be imprisoned for up to ten years. *Id.* § 924(a)(2).
>
> In *Rehaif*, the Supreme Court held that, "in a prosecution under . . . § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged

7

2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either.  28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added).

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate

---

to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. However, because *Rehaif* "neither stated nor intimated that [§] 922(g) is not a criminal prohibition," and because § 924(a)(2) is a penalty provision and "cannot stand alone as the sole criminal offense," we've rejected the claim that § 924(a)(2) must be included in an indictment to confer jurisdiction on the district court. *Moore*, 954 F.3d at 1337.  Thus, as we concluded in *Moore*, neither a criminal indictment's failure to include a mens rea element in charging a defendant of violating 18 U.S.C. § 922(g), nor that indictment's failure to track the language of § 924(a)(2), deprives a district court of jurisdiction to enter a conviction against a defendant. *Id*. at 1336–37.

*Marks v. United States*, 834 F. App'x 568, 569 (11th Cir. 2021).  Washington does not allege that his guilty-plea was not knowing and voluntary.  *See* doc. 197; *see also* doc. 136 (Rule 11 Minutes).  Because a "defendant's voluntary guilty plea waives all non-jurisdictional defects in the proceedings against him," and because a "*Rehaif* error is non-jurisdictional," *Marks*, 834 F. App'x at 569, Washington's voluntary guilty plea waived any challenged to his indictment.

Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 1st day of June, 2022.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA